UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-00140-6-JRG-CRW |
| | ) | |
| LARRY EVERETT SMITH | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Larry Everett Smith's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 [Doc. 1014]. The United States filed a response [Doc. 1019] and Defendant replied [Doc. 1020]. For the reasons discussed below, Defendant's motion for sentence reduction will be **GRANTED in part** .

### I.     BACKGROUND

In 2020, Defendant was indicted on multiple charges related to a fraudulent healthcare scheme. [Doc. 278]. He entered into a plea agreement with the United States whereby he pled guilty to one count of conspiracy to commit healthcare fraud in violation of 18 U.S.C. §§ 1347, 1349. [Doc. 296 ¶ 1].

At sentencing, Defendant had a total offense level of 25 and a criminal history category of I, yielding a guidelines range of 57 to 71 months. [Doc. 912 at 1]. The Court departed downward by six levels pursuant to the United States' 5K.1.1 motion, resulting in an effective guidelines range of 30 to 37 months' imprisonment. [*Id.* at 2; Doc. 932 at 66]. The Court then varied upward by five months due to aggravating factors not reflected in the guidelines and sentenced Defendant to 42 months' imprisonment, followed by three years of supervised release. [Doc. 906 at 2; Doc. 912 at 3].

Defendant appealed his sentence [Doc. 911] and the Sixth Circuit Court of Appeals affirmed [Doc. 1011].

In March 2023, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based primarily on his health concerns. [Doc. 988]. The Court denied the motion [Doc. 1007], and Defendant filed a timely notice of appeal [Doc. 1008].

On December 11, 2023, Defendant filed the instant motion for sentence reduction pursuant to Part B of Amendment 821, which provides for a two-level reduction in the offense level of certain offenders with no criminal history points ("zero-point offenders"). [Doc. 1014]. He maintains that in light of the § 3553(a) factors, a sentence as low as time served is warranted. [*Id.* at 4–7].] The United States agrees that Defendant is eligible for relief under Amendment 821 [Doc. 1019 at 1]. However, the United States contends that little or no reduction is warranted given that the Court previously found an upward variance appropriate. [*Id.* at 1, 5].

## II. JURISDICTION

As a threshold matter, the Court will consider the issue of jurisdiction. Defendant observes in his motion that the Court might lack jurisdiction over his § 3582(c)(2) motion due to his pending appeal of the Court's order denying compassionate release. [Doc. 1014 at 7]. However, Defendant does not present any argument regarding whether he believes jurisdiction is proper. The United States has not addressed the issue.

Generally, filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This divestiture rule is "designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Jankovich v. Bowen,* 868 F.2d 867, 871 (6th Cir. 1989).

The divestiture rule does not apply here because the issues in the instant motion are distinct from those raised on appeal. Specifically, Defendant's § 3582(c)(2) motion involves the narrow question of whether and to what extent his sentence should be modified to comport with a sentencing guidelines amendment. His appeal concerns the exhaustion of administrative remedies and the Court's determination that he lacked extraordinary and compelling reasons for his release. *See United States v. Larry Smith*, Case No. 23-5519 (6th Cir.), ECF No. 7 (Appellant Brief). Deciding the instant motion will not alter the merits of Defendant's pending appeal. Thus, the Court finds that it retains jurisdiction. *See United States v. Quinn*, No. 10-20129-03-KHV, 2023 U.S. Dist. LEXIS 34324 (D. Kan. Mar. 1, 2023) (finding that defendant's pending compassionate release appeal did not divest district court of jurisdiction over § 3582(c) motion); *see also United States v. Gordon*, No. 92-81127, 2020 U.S. Dist. LEXIS 148296, at *5–7 (E.D. Mich. Aug. 18, 2020) (finding district court had jurisdiction over compassionate release motion which "in no way relates to any aspect of [the defendant's] First Step Act motion appeal, which is based on a different sentencing issue").

### III. MERITS

#### A. Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation omitted). One exception to this rule is found in 18 U.S.C. § 3582(c)(2), which permits courts to reduce the sentence of a prisoner who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if such a reduction is consistent with Sentencing Commission policy statements and § 3553(a) factors.

3

When deciding a § 3582(c)(2) motion, courts engage in a two-step analysis which the United States Supreme Court explained in *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the court determines whether a reduction is consistent with U.S.S.G. § 1B1.10 and calculates the "amended guideline range that would have applied to the defendant had the relevant amendment been in effect at the time of the initial sentencing." § 1B1.10(b)(1). Generally, the court is not authorized to reduce the defendant's sentence below the amended guidelines range. § 1B1.10(b)(2)(A). However, if a defendant was originally sentenced below the guidelines range due to his substantial assistance to the government, the court may, in its discretion, apply a comparable downward departure. § 1B1.10(b)(2)(B).

If the defendant is eligible for a sentence reduction, the court then considers whether, and to what extent, a reduction is warranted under the circumstances of the case. *Dillon*, 560 U.S. at 827. To make this assessment, the court considers the factors set forth in 18 U.S.C. § 3553(a), including any relevant policy statements. § 3582(c)(2). Having considered these factors, the court decides "whether, in its discretion, the reduction authorized . . . is warranted in whole or in part." *United States v. Domenech*, 675 F. App'x 519, 523 (6th Cir. 2017).

### B. Discussion

#### 1. Eligibility

As noted above, the parties agree that Defendant is eligible for a sentence reduction under Amendment 821. Under the amended guidelines, Defendant's offense level is 23. An offense level of 23 and criminal history category of I yields a guidelines range of 46 to 57 months. If the Court applies a six-level downward departure for substantial assistance, as it did at sentencing, Defendant's effective amended guideline range would be 24 to 30 months.

Defendant argues he is now eligible for "a departure to a sentence without a term of imprisonment." [Doc. 1014 at 3]. Disputing this claim, the United States point out that the guideline provision Defendant relies on, Subpart 2 of Amendment 821, is not retroactive. [Doc. 1019 at 5]. According to the United States, the lowest term of imprisonment authorized under Amendment 821 is 24 months. [*Id.* at 4]. Although the Court finds the United States's argument more persuasive, for the purposes of this analysis, the Court will assume without deciding that Defendant is eligible for an amended sentence of time served.

The Court must now determine whether and to what extent a sentence reduction is warranted under the § 3553(a) sentencing factors.

### 2. § 3553(a) Factors

The Court finds that a sentence reduction is appropriate. In reaching this decision, the Court has primarily considered Defendant's post-sentencing conduct. The record shows that during his 18 months of incarceration, Defendant has taken 36 hours of educational programming and he has not incurred any disciplinary sanctions. [Docs. 1014-2, 1014-3]. This conduct, although not remarkable, is satisfactory and weighs in favor of granting Defendant the benefit of the guidelines amendment. *See* 18 U.S.C. § 3553(a)(5) (directing courts to consider pertinent policy statements); U.S.S.G. § 1B1.10 cmt. n. 1.(B) (providing that courts may consider post-sentencing conduct when determining appropriate sentence reductions under § 3582(c)(2)).

However, given the seriousness of Defendant's offense, the Court does not find that a sentence of time served is justified. During the course of the conspiracy, Defendant defrauded healthcare companies of millions of dollars and deceived thousands of patients. [Doc. 296 at 3]. The conspiracy was fraudulent from its inception. And Defendant engaged in this criminal conduct even after his prior enterprise was searched by the FBI, demonstrating a flagrant disrespect for the

5

law. [*See* Doc. 739 ¶ 16]. Moreover, Defendant's use of mass marketing and his leadership role in the offense are not reflected in his guidelines range. These aggravating circumstances, which led the Court to conclude at sentencing that a five-month upward variance was appropriate, remain highly relevant here. *See* § 3553(a)(2)(A) (providing that a sentence should "reflect the seriousness of the offense . . .promote respect for the law, and . . . provide just punishment for the offense").

Defendant contends that his poor health, and in particular his heart surgery in May 2023, weigh in favor of his immediate release. [Doc. 1014 at 4–5, 6–7]. However, at the time of sentencing, the Court was aware of Defendant's health problems and the likelihood that he would need heart surgery. [*See* Doc. 932 at 86–88, 94, 126]. Furthermore, Defendant has not shown that the Bureau of Prisons is incapable of providing for his medical needs. On the contrary, Defendant's medical records show that he has received regular follow-up care after his heart surgery and sustained no complications. [Doc. 1016 at 1–22, 186–94, 246–47, 252–57, 261, 263, 291, 296–99, 330–33]. He is currently classified as a Care Level 2.[1] [*Id.* at 276, 302]. Therefore, the Court does not find that Defendant's health condition justifies a more lenient sentence.[2]

In light of the factors discussed above, the Court finds that an amended sentence comparable to the sentence originally imposed is appropriate. Defendant's original sentence reflects a six-level downward departure from the applicable guidelines range and an upward variance of five months. That same calculation under the amended guidelines yields a sentence of

---

[1] A designation of "Care Level 2" indicates that an inmate is a stable outpatient whose conditions can be controlled through routine appointments. *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited February 13, 2024).

[2] In his motion, Defendant lists various other factors that he believes justify a sentence below his now-applicable guidelines range (substantial assistance to the government; the disparity between his sentence and codefendants other than Peter Bolos; his employment record; family ties and responsibilities; and lack of criminal history). [Doc. 1014 at 5–6]. The Court considered all of these factors at sentencing and finds no basis for affording them additional weight here.

6

35 months' imprisonment. The Court finds that this sentence is sufficient but not greater than necessary to satisfy the § 3553(a) factors and is consistent with policy guidelines.

IV.     **CONCLUSION**

For the reasons stated above, Defendant's motion for sentence reduction [Doc. 1014] is **GRANTED in part**. The Court hereby **REDUCES** Defendant's sentence to a term of 35 months' imprisonment. All other aspects of Defendant's sentence remain the same.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE